_____ FILED _____ LODGED
_____ RECEIVED

Jun 03, 2026

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

Magistrate Judge Grady J. Leupold

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHNNY F. WATTS, JR., and
JONATHAN E. KARNS,

Defendants.

NO.   MJ26-5133

COMPLAINT for VIOLATIONS

Title 21, United States Code, Sections
841(a)(1), 841(b)(1)(A), and 841(b)(1)(B)

BEFORE, Grady J. Leupold, United States Magistrate Judge, U. S. Courthouse, Tacoma, Washington.

The undersigned complainant, Ted Halla, a Special Agent for the Federal Bureau of Investigations (FBI), being duly sworn states:

## COUNT 1

**(Possession of Controlled Substances with Intent to Distribute)**

On or about March 11, 2026, in Clallam County, within the Western District of Washington, JOHNNY FRED WATTS JR. did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: methamphetamine and N-

Complaint - 1
*United States v. Watts et al.*
USAO No. 2026R00413

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3830

phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), substances controlled under Title 21, United States Code.

It is further alleged that the offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts isomers or salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A).

## COUNT 2

### (Possession of Controlled Substances with Intent to Distribute)

On or about March 11, 2026, in Clallam County, within the Western District of Washington, JONATHAN E. KARNS did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), substances controlled under Title 21, United States Code.

It is further alleged that the offense involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B).

I, Ted Halla, being first duly sworn on oath, depose and say:

### INTRODUCTION AND OFFICER BACKGROUND

1. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since February of 2000. I am assigned to the Seattle Division of the FBI and currently work from the FBI office in Poulsbo, Washington. As a Special Agent, I have participated in numerous investigations involving, but not limited to, assaults, rape, bank robbery, arson, kidnaping, fraud, fugitives, crimes on Indian

Complaint - 2
*United States v. Watts et al.*
USAO No. 2026R00413

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3830

reservations, and narcotic investigations. Prior to my employment with the FBI, I was employed as a research biologist in the State of Wisconsin.

3.    This Affidavit is made based upon my personal knowledge, training, experience and investigation, as well as upon information provided to me and my review of reports prepared by other law enforcement personnel. This Affidavit is made for the purpose of establishing probable cause for this Complaint and thus does not include each and every fact known to me concerning this investigation.

## SUMMARY OF INVESTIGATION

4.    On March 11, 2026, Clallam County Sheriff's Deputies arranged to meet with JOHNNY WATTS JR. regarding a previous case being investigated by the Clallam County Sheriff's Office involving WATTS JR. and his acquaintance P.N. After meeting with Deputies, Detectives with the Olympic Peninsula Narcotics Enforcement Team (OPNET) conducted surveillance on WATTS JR and observed him meet with P.N. Detectives then followed them to the residence located at 41 Kate's Court, Port Angeles, Washington. OPNET Detectives previously utilized a law enforcement database and learned that WATTS JR. was a convicted felon. OPNET Detectives were also aware that there was an active Department of Corrections (DOC) warrant out for P.N. as well as probable cause for unlawful possession of a firearm and possession of a stolen firearm.

5.    OPNET Detectives applied for a state search warrant to arrest P.N. at the residence located at 41 Kate's Court, Port Angeles, Washington. After receiving the search warrant and in coordination with the local SWAT team (The Peninsula Crisis Response Team) and other law enforcement agencies to include DOC officers, the residence was surrounded. WATTS JR. was located outside the residence and was detained by deputies and placed under arrest for unlawful possession of a firearm after deputies located a firearm on his person. In addition, search incident to arrest on WATTS JR. yielded a white container with a small bag of suspected crack cocaine along with two small bags containing suspected fentanyl. WATTS JR. told deputies that P.N. was inside the residence and that he might be armed with a firearm. In addition, a female

Complaint - 3
*United States v. Watts et al.*
USAO No. 2026R00413

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3830

identified as S.B. exited the residence and was detained.  With P.N. refusing to exit the residence, a standoff occurred, which lasted for approximately three hours until P.N. surrendered and was taken into custody on his DOC warrant.

6.    Based on the suspected controlled substances and the firearm found on WATTS JR., Detectives obtained a state search warrant for the residence and the vehicles on scene which were associated with WATTS JR.  During the execution of the search warrant, Detectives located and seized as evidence suspected controlled substances to include suspected methamphetamine, fentanyl, cocaine and heroin from a bedroom associated with WATTS JR., based on indicia of occupancy (a credit card and mail in WATT'S JR's name) located within the room. The identification of the suspected controlled substances is based on the collective training and experience of the investigators involved in this case based on appearance, color, smell, and/or presumptive positives from field tests conducted.  The following items were found in a black Under Armor backpack that was in the room:

- Electronic scale with residue;

- Suspected fentanyl, in three baggies;

- Suspected cocaine;

- Suspected fentanyl in orange plastic container;

- Suspected methamphetamine;

- Suspected fentanyl pills;

- Suspected heroin;

- Drug Paraphernalia; and

- Indicia of occupancy/Pay owe sheet

In the same room and under the bed, a large bag of suspected methamphetamine was located by Detective Larsen.  In addition to the suspected controlled substances, an electronic scale with residue and a shotgun were collected from this room.

7.    In other areas of the residence, Detectives collected additional suspected methamphetamine, a second backpack containing suspected controlled substances, an AR

Complaint - 4
*United States v. Watts et al.*
USAO No. 2026R00413

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3830

style firearm with no identifiable serial number, and two cellular phones. An additional cellular phone was located and seized from a vehicle located on the property and covered by the search warrant.

8. After being booked into the Clallam County Jail, OPNET Detectives were informed that WATTS JR. had requested to speak with them. On March 12, 2026, OPNET Detectives Larsen and Eagan went to speak with WATTS JR at the Clallam County Jail. WATTS JR. was advised that the interview was being recorded and of his Miranda rights. After acknowledging his rights and signing the advice of rights form, WATTS JR. told investigators that he has been dealing controlled substances, specifically methamphetamine, cocaine, and fentanyl and had been profiting approximately one thousand dollars per week from selling these controlled substances. WATTS JR. further stated that the black Under Armor backpack found in the bedroom was his as well as the majority of the controlled substances located in the bedroom. WATTS JR. also admitted to going to the 7 Cedars Casino, located in Sequim, Washington, early in the morning on March 11, 2026, where he purchased a large quantity of controlled substances from D.M.B, an individual staying in hotel. Following the interview, Detectives located and reviewed surveillance video from the 7 Cedars Casino and observed P.N. and WATTS JR., who was observed carrying a black Under Armor backpack into a hotel room (room #1527) associated with D.M.B corroborating WATTS JR.'s statement to Detectives. When WATTS JR. exited the room a short time later, his backpack appeared fuller than when he went in. Based on my training and experience, it appears that WATTS JR. went to the hotel room to obtain a supply of controlled substances.

9. Detective Larsen subsequently applied for search warrants from the Jamestown Tribal Judge Mendoza and the Clallam County Superior Court Simon Barnhart, to search D.M.B.'s 2007 Dodge Ram truck and 7 Cedar Casino hotel room #1527, for controlled substances, firearms, ammunition, cell phones, and drug paraphernalia, US currency and indicia of occupancy. In addition, Detectives had probable cause to arrest D.M.B. for the delivery of controlled substances based on

Complaint - 5
*United States v. Watts et al.*
USAO No. 2026R00413

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3830

WATTS JR.'s information and evidence observed from the review of the casino surveillance footage that showed constant short stay traffic to hotel room #1527 which is indicative of drug trafficking based on my training and experience.

10. On or about March 12, 2026, OPNET Detectives executed the warrants at the hotel. During the operation, Detectives observed two of four occupants of hotel room 1527 exit with multiple shoulder style bags and backpacks which were brought to a 2010 Lexus IS vehicle, WA State license BKF1687, which was parked in the casino parking lot. One of the occupants who had carried the bags to the Lexus, was later identified as JONATHAN E. KARNS based on a review of his Washington State DOL photo, who was observed carrying a particular red colored backpack to the Lexus. KARNS and a female then returned to the hotel casino. Ultimately, four occupants of the hotel room were contacted during the operation, including KARNS and D.M.B. KARNS was detained by deputies and transported outside to a patrol vehicle. KARNS was provided his Miranda warnings, which were audio and video recorded. KARNS agreed to speak with investigators and denied having any involvement with illicit drug activity in room 1527 and denied having any controlled substances in his possession. Det. Larsen requested and was granted an addendum to both his Tribal and Superior Court warrant to search the white colored 2010 Lexus where KARNS was observed placing the red backpack into. After executing the search warrant, Detectives located the red colored backpack that KARNS was observed carrying from the hotel room down to the Lexus, in the back right passenger seat of the vehicle. Inside of the backpack, Detectives located a large amount of suspected fentanyl, a digital scale with residue, drug paraphernalia and a Glock 9mm handgun. Detectives previously utilized a law enforcement database and saw that KARNS is a convicted felon.

11. Collected items that were suspected of being controlled substances were sent by OPNET to the Washington State Patrol Laboratory for testing.

12. Evidence items B40774, B40775 and B40777, which were located in the black Under Armor backpack found in the bedroom associated with WATTS JR., at 41

Complaint - 6
*United States v. Watts et al.*
USAO No. 2026R00413

Kate's Court, were tested with the results documented on a report dated April 24, 2026. In that report, Item B40774, described as white powder, with a net weight of 23.87 grams, was determined to be Fentanyl. Item B40775, described as white powder, with a net weight of 22.95 grams, was determined to be cocaine. Item B40777, described as a white crystalline material, with a net weight of 183.65 grams, was determined to be methamphetamine.

13.     Evidence item B38041, which was the large bag of suspected methamphetamine (presumptive positive) located under the mattress in the bedroom associated with WATTS JR. at 41 Kate's Court, has yet to be tested at a laboratory, but was found to weigh approximately 458 grams when weighed by Detectives during the evidence processing.

14.     Evidence items B40857, B40858 and B40860, which were located in the red backpack from the Lexus vehicle believed to belong to KARNS, were tested with the results documented on a report dated April 8, 2026. B40857, described as a white powder, with a net weight of 43. 67 grams, was determined to be fentanyl. B40858, which is described as a white crystalline material, with a net weight of 2.16 grams, was determined to be methamphetamine. B40860, described as a white chunky material, with a net weight of 0.78 grams, was determined to be fentanyl.

//

//

//

Complaint - 7
*United States v. Watts et al.*
USAO No. 2026R00413

15.    Based on my training and experience, the amount of controlled substances found in WATTS JR's bedroom and the red backpack belonging to KARNS are distribution level amounts and not personal use amounts.

## CONCLUSION

16.    Based on the foregoing, I respectfully submit that there is probable cause to believe that WATTS JR. and KARNS committed the aforementioned offenses.

TED HALLA, Complainant
Special Agent
Federal Bureau of Investigations

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendants committed the offenses set forth in the Complaint.

Dated this 3rd day of June, 2026.

GRADY J. LEUPOLD
United States Magistrate Judge

Complaint - 8
*United States v. Watts et al.*
USAO No. 2026R00413

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3830